## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re: | Chapter 11 |
| **ALLIED SYSTEMS HOLDINGS, INC.,** | Case No. 12-11564 (CSS) |
| Debtor. | |
| EIN: 58-0360550 | |
| In re: | Chapter 11 |
| **ALLIED AUTOMOTIVE GROUP, INC.,** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN: 58-2201081 | |
| In re: | Chapter 11 |
| **ALLIED SYSTEMS, LTD. (L.P.),** | Case No. 12-11565 (CSS) |
| Debtor. | |
| EIN: 58-1710028 | |
| In re: | Chapter 11 |
| **AXIS GROUP, INC.,** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN: 58-2204628 | |
| In re: | Chapter 11 |
| **F.J. BOUTELL DRIVEAWAY LLC,** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN: 38-0365100 | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ALLIED SYSTEMS (CANADA) COMPANY,** | **Case No. 12-_____ (CSS)** |
| Debtor. | |
| **EIN: 90-0169283** | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **COMMERCIAL CARRIERS, INC.,** | **Case No. 12-_____ (CSS)** |
| Debtor. | |
| **EIN: 38-0436930** | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **GACS INCORPORATED,** | **Case No. 12-_____ (CSS)** |
| Debtor. | |
| **EIN: 58-1944786** | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CORDIN TRANSPORT LLC,** | **Case No. 12-_____ (CSS)** |
| Debtor. | |
| **EIN: 38-1985795** | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **CT SERVICES, INC.,** | **Case No. 12-_____ (CSS)** |
| Debtor. | |
| **EIN: 38-2918187** | |

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **AXIS CANADA COMPANY,** | **Case No. 12-_____ (CSS)** |
| Debtor. | |
| **CBN: 87568828** | |

| | |
|---|---|
| In re: | Chapter 11 |
| **TERMINAL SERVICES LLC,** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN:  91-0847582 | |
| In re: | Chapter 11 |
| **ALLIED FREIGHT BROKER LLC,** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN:  59-2876864 | |
| In re: | Chapter 11 |
| **LOGISTIC TECHNOLOGY, LLC** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN:  45-4242057 | |
| In re: | Chapter 11 |
| **LOGISTIC SYSTEMS, LLC** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN:  45-4241751 | |
| In re: | Chapter 11 |
| **AXIS ARETA, LLC** | Case No. 12-_____ (CSS) |
| Debtor. | |
| EIN:  45-5215545 | |

RLF1 6086971v. 1

In re:

**TRANSPORT SUPPORT LLC**

                Debtor.

EIN:  38-2349563

**Chapter 11**

Case No. 12-_____ (CSS)

---

In re:

**RMX LLC**

                Debtor.

EIN:  31-0961359

**Chapter 11**

Case No. 12-_____ (CSS)

---

In re:

**QAT, Inc.**

                Debtor.

EIN:  59-2876863

**Chapter 11**

Case No. 12-_____ (CSS)

---

## DEBTORS' MOTION FOR ENTRY OF AN ORDER DIRECTING JOINT ADMINISTRATION OF THEIR RELATED CHAPTER 11 CASES

Allied Systems Holdings, Inc. ("**Allied Holdings**") and its U.S. and Canadian subsidiaries (collectively, the "**Debtors**")[1] respectfully submit this Motion for Joint Administration (the "**Motion**"). In support of the Motion, the Debtors respectfully state as follows:

---

[1]     The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

RLF1 6086971v. 1

## JURISDICTION AND VENUE

1.      This Court has jurisdiction to consider this Motion pursuant to 28 U.S.C. § 1334. Consideration of this Motion is a core proceeding pursuant to 28 U.S.C. § 157(b). Venue of this proceeding is proper before this Court pursuant to 28 U.S.C. §§ 1408 and 1409.

2.      The statutory bases for the relief requested herein are Rule 1015(b) of the Federal Rules of Bankruptcy Procedure (the "**Bankruptcy Rules**") and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure for the United States Bankruptcy Court for the District of Delaware (the "**Local Rules**").

## BACKGROUND

3.      On May 17, 2012, involuntary petitions were filed against Allied Holdings and its subsidiary Allied Systems, Ltd. (L.P.) ("**Allied Systems**") under Chapter 11 of Title 11 of the United States Code (the "**Bankruptcy Code**") in this Bankruptcy Court (the "**Court**"). On June 10, 2012, the remaining Debtors filed voluntary petitions in this Court and, in connection therewith, Allied Holdings and Allied Systems consented to the involuntary petitions filed against them. The "**Petition Date**" of such Debtor is the date that such involuntary petition or voluntary petition was filed by or against such Debtor. The chapter 11 cases commenced thereby are, collectively, the "**Chapter 11 Cases**."

4.      The Debtors are authorized to operate their businesses as debtors-in-possession pursuant to §§ 1107 and 1108 of the Bankruptcy Code. As of the date of this Motion, no official committee of unsecured creditors has been appointed by the Office of the United States Trustee for the District of Delaware (the "**U.S. Trustee**").

5.      The Debtors' major line of business, known in the industry as "car haul," is the transport of light vehicles, such as automobiles, sport-utility vehicles and light trucks, from manufacturing plants, ports, auctions, and railway distribution points to automobile dealerships

in the United States and Canada by means of tractor trailers referred to as "**Rigs**." The Debtors' smaller line of business is logistics, which includes arranging for and managing vehicle distributions services, automobile inspections, auction and yard management services, vehicle tracking, accessorizing, and dealer preparation services for the automobile industry in the United States and Canada, and providing yard management services in Mexico.

6.      Additional information about the Debtors' businesses, the events leading up to the Petition Date, and the facts and circumstances surrounding the Debtors and these Chapter 11 Cases can be found in the Declaration of Scott D. Macaulay in Support of Chapter 11 Petitions and First Day Motions (the "**Macaulay Declaration**"), which is incorporated herein by reference.

## RELIEF REQUESTED

7.      By this Motion, the Debtors seek an order pursuant to Bankruptcy Rule 1015(b) authorizing the joint administration of their Chapter 11 Cases and for consolidation of these cases for procedural purposes only.  The Debtors propose that:  (a) all pleadings relating to any of the Debtors' cases shall bear a joint caption; (b) the Court clerk file and maintain all of these pleadings under the existing docket for Allied Systems Holdings, Inc.; and (c) the Debtors be permitted to combine notices to creditors.

8.      The Debtors request that the Court maintain one file and one docket for all of the jointly administered cases under the case number assigned to Allied Systems Holdings, Inc., and that the Chapter 11 Cases be administered under a consolidated caption, as follows:

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ALLIED SYSTEMS HOLDINGS, INC., *et al.*,**[1] | **Case No. 12-11564 (CSS)** |
| **Debtors.** | **(Jointly Administered)** |

9.     The Debtors also request that an entry be made on the docket of each of the Chapter 11 Cases, other than that of Allied Systems Holdings, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (52-1952252); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (98-0212434); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 12-11564 (CSS).

## BASIS FOR RELIEF

10.     Under Bankruptcy Rule 1015(b), the Court may order the joint administration of the estates of a debtor and one or more affiliates:

---

[1]     The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

- 7 -

     (b)   <u>Cases Involving Two or More Related Debtors</u>. If two or more petitions are pending in the same court by or against . . . (4) a debtor and an affiliate, the court may order a joint administration of the estates.

*See* Fed. R. Bankr. P. 1015(b).

11.    The Debtors are "affiliates" as that term is defined in § 101(2) of the Bankruptcy Code.

12.    As explained in the Official Committee Note to Bankruptcy Rule 1015(b), joint administration expedites cases and reduces their overall cost:

> Joint administration as distinguished from consolidation may include combining the estates by using a single docket for the matters occurring in the administration, including the listing of filed claims, the combining of notices to creditors of the different estates, and the joint handling of other purely administrative matters that may aid in expediting the cases and rendering the process less costly.

13.    The Debtors anticipate significant activity during these cases and believe that most hearings and contested matters will apply equally to all of the Debtors' cases. Consequently, joint administration of these cases will promote the economical and efficient administration of the Debtors' estates, unencumbered by the procedural problems otherwise attendant to the administration of separate, albeit related, cases. Additionally, joint administration will avoid the burdensome and costly necessity of duplicating notices to creditors.

14.    In addition, Local Rule 1015-1 provides as follows:

> An order of joint administration may be entered, without notice and an opportunity for hearing, upon the filing of a motion for joint administration pursuant to Fed. R. Bankr. P. 1015, supported by an affidavit, declaration or verification, which establishes that the joint administration of two or more cases pending in this Court under title 11 is warranted and will ease the administrative burden for the Court and the parties. An order of joint administration entered in accordance with this Local Rule may be reconsidered upon motion of any party in interest at any time. An order of joint administration under this Local Rule is for procedural purposes

only and shall not cause a "substantive" consolidation of the
respective debtors' estates.

Del. Bankr. L.R. 1015-1.

15.     Joint procedural administration of the Debtors' cases will also benefit creditors

and other parties in interest, because non-Debtor parties who file or respond to motions affecting

multiple Debtors need not prepare and file multiple sets of substantially identical papers.

16.     Joint procedural administration of the Debtors' cases will not adversely affect the

rights of the Debtors' respective creditors, since each creditor may still file its claim against the

particular estate which it alleges owes it money.  In fact, the creditors and the Debtors' estates

will benefit by the reduction of costs resulting from joint administration.

17.     Joint administration will relieve the Court of rendering numerous duplicative

orders and maintaining numerous duplicative files.     Furthermore, supervision of the

administrative aspects of these Chapter 11 Cases by the U.S. Trustee will be simplified.  Indeed,

the reduction of costs and duplicative efforts afforded by joint administration of these cases will

benefit the creditors, the Debtors' estates, and all interested parties.

18.     Finally, the entry of joint administration orders in multiple related cases such as

these is common and non-controversial in this district.  *See, e.g., In re AFA Investment Inc.*, Case

No. 12-11127 (MFW) (Bankr. D. Del. Apr. 3, 2012); *In re CyberDefender Corp.*, Case No. 12-

10633 (BLS) (Bankr. D. Del. Feb. 24, 2012); *In re AES Eastern Energy, L.P.*, Case No. 11-

14138 (KJC) (Bankr. D. Del. Jan. 4, 2012); *In re SP Newsprint Holdings LLC*, Case No. 11-

13649 (CSS) (Bankr. D. Del. Nov. 17, 2011); *In re Blitz U.S.A., Inc.*, Case No. 11-13603 (Bankr.

D. Del. Nov. 10, 2011); *In re Chef Solutions Holdings, LLC*, Case No. 11-13139 (KG) (Bankr.

D. Del. Oct. 5, 2011).

## NOTICE

19.      Notice of this Motion has been provided via facsimile, overnight delivery service, electronic transmission or same-day messenger service to: (i) the U.S. Trustee; (ii) counsel for the agent for the Debtors' proposed debtor-in-possession lenders; (iii) counsel for The CIT Group/Business Credit, Inc., as resigning administrative agent and collateral agent under the Debtors' first lien credit agreement, counsel for BDCM Opportunity Fund II, LP, Black Diamond CLO 2005-1 Adviser L.L.C. and Spectrum Investment Partners LP and each other lender under the Debtors' first lien credit agreement; (iv) counsel for The Bank of New York Mellon, in its capacity as administrative agent and collateral agent under the Debtors' second lien credit agreement; (v) the Debtors' twenty (20) largest unsecured creditors listed in the Debtors' consolidated list of creditors (excluding insiders); (vi) Bank of America, Fidelity National Bank, J.P. Morgan Chase Bank and Bank of Nova Scotia, which are the banks with which the Debtors maintain their primary banking relationships; and (vii) all other persons requesting notices.  As this Motion is seeking "first day" relief, within two (2) business days of the hearing on this Motion, the Debtors will serve copies of this Motion and any order entered in respect to this Motion as required by Local Rule 9013-1(m).  In light of the expedited nature of the relief requested, the Debtors respectfully submit that no further notice is necessary.

**CONCLUSION**

**WHEREFORE** the Debtors respectfully request entry of an order granting the relief requested herein, and granting the Debtors such other and further relief as may be just.  A form of Order is attached as **Exhibit A** hereto.

Dated: June 10, 2012
Wilmington, Delaware

Mark D. Collins (No. 2981)
Christopher M. Samis (No. 4909)
Marisa A. Terranova (No. 5396)
RICHARDS, LAYTON & FINGER, P.A.
One Rodney Square
920 North King Street
Wilmington, Delaware 19801
Telephone No.:  (302) 651-7700
Facsimile No.:  (302) 651-7701
Email: collins@rlf.com
        samis@rlf.com
        terranova@rlf.com

-and-

Jeffrey W. Kelley (GA Bar No. 412296)
Ezra H. Cohen (GA Bar No. 173800)
Carolyn P. Richter (GA Bar No. 574097)
Matthew R. Brooks (GA Bar No. 378018)
Benjamin R. Carlsen (GA Bar No. 940614)
TROUTMAN SANDERS LLP
Bank of America Plaza
600 Peachtree Street, Suite 5200
Atlanta, Georgia 30308-2216
Telephone No.:  (404) 885-3000
Facsimile No.:  (404) 885-3900
Email: jeffrey.kelley@troutmansanders.com
        ezra.cohen@troutmansanders.com
        carolyn.richter@troutmansanders.com
        matthew.brooks@troutmansanders.com
        benjamin.carlsen@troutmansanders.com

*Proposed Counsel for the Debtors*

RLF1 6086971v. 1

**EXHIBIT A**

**Proposed Order Directing Joint Administration
<u>of the Debtors' Related Chapter 11 Cases</u>**

## IN THE UNITED STATES BANKRUPTCY COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re:<br><br>**ALLIED SYSTEMS HOLDINGS, INC.,**<br><br>Debtor.<br><br>EIN:  58-0360550 | Chapter 11<br><br>Case No. 12-11564 (CSS) |
| In re:<br><br>**ALLIED AUTOMOTIVE GROUP, INC.,**<br><br>Debtor.<br><br>EIN:  58-2201081 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**ALLIED SYSTEMS, LTD. (L.P.),**<br><br>Debtor.<br><br>EIN:  58-1710028 | Chapter 11<br><br>Case No. 12-11565 (CSS) |
| In re:<br><br>**AXIS GROUP, INC.,**<br><br>Debtor.<br><br>EIN:  58-2204628 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**F.J. BOUTELL DRIVEAWAY LLC,**<br><br>Debtor.<br><br>EIN:  38-0365100 | Chapter 11<br><br>Case No. 12-_____ (CSS) |

| | |
|---|---|
| In re:<br><br>**ALLIED SYSTEMS (CANADA) COMPANY,**<br>        Debtor.<br><br>EIN: 90-0169283 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**COMMERCIAL CARRIERS, INC.,**<br>        Debtor.<br><br>EIN: 38-0436930 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**GACS INCORPORATED,**<br>        Debtor.<br><br>EIN: 58-1944786 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**CORDIN TRANSPORT LLC,**<br>        Debtor.<br><br>EIN: 38-1985795 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**CT SERVICES, INC.,**<br>        Debtor.<br><br>EIN: 38-2918187 | Chapter 11<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**AXIS CANADA COMPANY,**<br>        Debtor.<br><br>CBN: 87568828 | Chapter 11<br><br>Case No. 12-_____ (CSS) |

RLF1 6086971v. 1

| | |
|---|---|
| In re:<br><br>**TERMINAL SERVICES LLC,**<br><br>        Debtor.<br><br>EIN: 91-0847582 | **Chapter 11**<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**ALLIED FREIGHT BROKER LLC,**<br><br>        Debtor.<br><br>EIN: 59-2876864 | **Chapter 11**<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**LOGISTIC TECHNOLOGY, LLC**<br><br>        Debtor.<br><br>EIN: 45-4242057 | **Chapter 11**<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**LOGISTIC SYSTEMS, LLC**<br><br>        Debtor.<br><br>EIN: 45-4241751 | **Chapter 11**<br><br>Case No. 12-_____ (CSS) |
| In re:<br><br>**AXIS ARETA, LLC**<br><br>        Debtor.<br><br>EIN: 45-5215545 | **Chapter 11**<br><br>Case No. 12-_____ (CSS) |

RLF1 6086971v. 1

| | |
|---|---|
| In re:<br><br>**TRANSPORT SUPPORT LLC**<br><br>        Debtor.<br><br>EIN: 38-2349563 | **Chapter 11**<br><br>**Case No. 12-_____ (CSS)** |
| In re:<br><br>**RMX LLC**<br><br>        Debtor.<br><br>EIN: 31-0961359 | **Chapter 11**<br><br>**Case No. 12-_____ (CSS)** |
| In re:<br><br>**QAT, Inc.**<br><br>        Debtor.<br><br>EIN: 59-2876863 | **Chapter 11**<br><br>**Case No. 12-_____ (CSS)** |

## ORDER DIRECTING JOINT ADMINISTRATION
## OF THE DEBTORS' RELATED CHAPTER 11 CASES

This matter is before the Court[1] on the motion of Allied Systems Holdings, Inc. ("**Allied Holdings**") and its U.S. and Canadian subsidiaries (collectively, the "**Debtors**"),[2] debtors and debtors-in-possession herein for joint administration of these bankruptcy cases pursuant to Federal Rule of Bankruptcy Procedure 1015 (the "**Motion**").

---

[1]      Capitalized terms not otherwise defined herein shall have the meanings ascribed to them in the Motion.

[2]      The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

- 4 -

The Court has considered the Motion, the Declaration of Scott D. Macaulay in Support of Chapter 11 Petitions and First Day Motions, and the matters reflected in the record of the hearing held on the Motion.  It appears that the Court has jurisdiction over this proceeding pursuant to 28 U.S.C. §§ 157 and 1334; that this is a core proceeding pursuant to 28 U.S.C. § 157(b)(2); that the Debtors have provided appropriate notice of the Motion and the opportunity for a hearing on the Motion under the circumstances and that no further notice is necessary; and that the relief sought in the motion is in the best interests of the Debtors, their estates, and their creditors; and that good and sufficient cause exists for such relief.

Accordingly, it is hereby **ORDERED** as follows:

1.      The Motion is **GRANTED**.

2.      The above-captioned cases are consolidated for procedural purposes only and shall be jointly administered under Case No. 12-11564 (CSS), in accordance with the provisions of Federal Rule of Bankruptcy Procedure 1015(b).

3.      The joint caption of these cases shall read as follows:

| | |
|---|---|
| **In re:** | **Chapter 11** |
| **ALLIED SYSTEMS HOLDINGS, INC.,** *et al.,*[1] | **Case No. 12-11564 (CSS)** |
| **Debtors.** | **(Jointly Administered)** |

4.      All pleadings and papers filed in these cases, with the exception of proofs of claim and proofs of interest, shall be captioned as in the preceding paragraph.

---

[1]      The Debtors in these cases, along with the federal tax identification number (or Canadian business number where applicable) for each of the Debtors, are: Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (90-0169283); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (87568828); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582). The location of the Debtors' corporate headquarters and the Debtors' address for service of process is 2302 Parklake Drive, Bldg. 15, Ste. 600, Atlanta, Georgia 30345.

RLF1 6086971v. 1

5.    All docket entries in these cases shall be made in the case of Allied Systems Holdings, Inc., Case No.12-11564 (CSS).  An entry shall be made on the docket of each of the Debtors' cases, other than that of Allied Systems Holdings, Inc., that is substantially similar to the following:

> An order has been entered in accordance with Rule 1015(b) of the Federal Rules of Bankruptcy Procedure and Rule 1015-1 of the Local Rules of Bankruptcy Practice and Procedure of the United States Bankruptcy Court for the District of Delaware directing joint administration of the chapter 11 cases of Allied Systems Holdings, Inc. (58-0360550); Allied Automotive Group, Inc. (58-2201081); Allied Freight Broker LLC (59-2876864); Allied Systems (Canada) Company (52-1952252); Allied Systems, Ltd. (L.P.) (58-1710028); Axis Areta, LLC (45-5215545); Axis Canada Company (98-0212434); Axis Group, Inc. (58-2204628); Commercial Carriers, Inc. (38-0436930); CT Services, Inc. (38-2918187); Cordin Transport LLC (38-1985795); F.J. Boutell Driveaway LLC (38-0365100); GACS Incorporated (58-1944786); Logistic Systems, LLC (45-4241751); Logistic Technology, LLC (45-4242057); QAT, Inc. (59-2876863); RMX LLC (31-0961359); Transport Support LLC (38-2349563); and Terminal Services LLC (91-0847582).  All further pleadings and other papers shall be filed in, and all further docket entries shall be made in, Case No. 12-11564 (CSS).

6.    One consolidated service list shall be maintained by the Debtors and kept by the Clerk of the United States Bankruptcy Court for the District of Delaware.

7.    Nothing contained in the Motion or this Order shall be deemed or construed as directing or otherwise affecting a substantive consolidation of the Debtors' Chapter 11 Cases or permitting the Debtors to file consolidated monthly operating reports.

8.    The terms and conditions of this Order shall be immediately effective and enforceable upon its entry.

9.    The Debtors are authorized to take all actions necessary to effectuate the relief granted pursuant to this Order in accordance with the Motion.

10. This Court shall retain jurisdiction to interpret and enforce this Order.

Dated: June ___, 2012
      Wilmington, Delaware
_____

THE HONORABLE CHRISTOPHER S. SONTCHI
UNITED STATES BANKRUPTCY JUDGE